DECISION AND JUDGMENT ENTRY
This is an appeal from a Washington County Common Pleas Court judgment. The trial court found that William L. Schofield, defendant below and appellant herein, violated the terms of the community control sanctions and conditions that the court previously had imposed for appellant's conviction of driving while under the influence, in violation of R.C. 4511.19(A)(1), a fourth degree felony.[2] As a result of appellant's community control violations, the trial court sentenced appellant to six months of local incarceration with credit for time spent at SEPTA and for time incarcerated on community control.
Appellant raises the following assignment of error for review:
 "TRIAL COURT ERRED AS A MATTER OF LAW IN SENTENCING APPELLANT, UPON FINDING VIOLATION OF COMMUNITY CONTROL SANCTION, TO ADDITIONAL SIX MONTH TERM OF INCARCERATION, WHERE APPELLANT HAD ALREADY SERVED MAXIMUM SENTENCE."
Our review of the record reveals the following facts pertinent to the instant appeal. On January 20, 1999, the trial court, after finding appellant guilty of operating a motor vehicle while under the influence, sentenced appellant to three years community control with, inter alia, the following specifications: (1) appellant serve 365 days in the Washington County Jail; and (2) after his 365 days in jail, appellant enter the SEPTA Center.
Appellant timely appealed the trial court's judgment of conviction and sentence. On December 10, 1999, this court affirmed the trial court's judgment. See State v. Schofield (Dec. 10, 1999), Washington App. No. 99 CA 10, unreported (Schofield I). Additional facts may be found in our prior opinion.
During the pendency of the appeal, the Washington County probation department asserted that appellant violated the terms of community control and requested the trial court to impose sanctions. Subsequently, the trial court found appellant in violation of the community control provisions. At a December 10, 1999 hearing, the trial court ordered appellant to serve, in a correctional institution, an additional term of six months incarceration for the community control violations.
Appellant objected to the trial court's sentence and argued that the sentence is contrary to law. In particular, appellant contended the he already had served one year in jail — the maximum term of incarceration permitted for a first-time fourth degree felony OMVI offender. Moreover, appellant argued that a trial court may not sentence a first-time fourth degree felony OMVI offender to prison, as opposed to jail.
The trial court partially rejected appellant's arguments. The trial court determined that nothing in the Ohio Revised Code prohibited imposing a prison sentence of up to eighteen months upon a first-time fourth degree felony OMVI offender who violates the terms of community control. The court found, however, that it failed at the plea hearing to inform appellant that he could be sentenced to eighteen months in prison. Thus, on January 13, 2000, the court rescinded its prior order sentencing appellant to a term of incarceration at a correctional institution and opted to sentence appellant to an additional term of local incarceration of six months with credit for time spent at SEPTA and for time incarcerated on community control. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant argues that the trial court erred by sentencing him to an additional six month term of incarceration for violating the terms of his community control when appellant had already served the maximum allowable term of incarceration for the offense forming the basis of the community control sanctions. Appellant contends that the maximum term of incarceration for a first-time fourth degree felony OMVI offender is one year. Appellant notes that the trial court originally sentenced him to one year incarceration. Thus, appellant asserts, because he has already served the maximum allowable term of incarceration, the trial court was prohibited from subjecting appellant to further incarceration for violating the conditions of community control. We find merit to appellant's argument.[3]
When reviewing a trial court's decision regarding sentencing, a reviewing court may not modify or vacate the sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. R.C. 2953.08(G); Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16.
R.C. 2929.15(B) provides the starting point for a trial court considering which sanction to impose for a community control violation. The statute provides as follows:
 If the conditions of a community control sanction are violated * * * the sentencing court may impose a longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section, may impose a more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, or may impose a prison term on the offender pursuant to section 2929.14 of the Revised Code. The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing * * *.
In the case at bar, appellant was originally sentenced for operating a motor vehicle while under the influence, a fourth degree felony. Thus, the sentencing provisions applicable to first-time fourth degree felony OMVI offenders governed the trial court's authority to sanction appellant for the community control violations.
As we noted in Schofield I, the Ohio Revised Code treats, for sentencing purposes, a fourth degree felony OMVI offense differently than other ordinary fourth degree felony offenses. We further noted that the statutes, when read together, empower a trial court to sentence a first-time fourth degree felony offender as follows: (1) to a "mandatory term of local incarceration of sixty days; (2) "up to one year in jail"; and (3) to a community control sanction or to a combination of community control sanctions, but not in excess of five years. See R.C. 4511.99(A)(4); R.C. 2929.16; R.C. 2929.15(A)(1).
Moreover, we note that R.C. 2929.13(G) prohibits a trial court from imposing a prison term upon a first-time fourth degree felony OMVI offender. See R.C. 2929.13(G); see, also, State v. Wilton (1999),133 Ohio App.3d 575, 729 N.E.2d 420; State v. Campbell (July 21, 2000), Miami App. No. 99 CA 33, unreported (explaining that pursuant to R.C.2929.13(G) "no prison sentence could have Cbeen imposed for a first time felony DUI offense"); State v. Mayer (Aug. 26, 1999), Cuyahoga App. No. 75639; State v. Ferguson (Aug. 19, 1999), Pickaway App. No. 99 CA 6, unreported. Thus, because a prison sentence cannot be imposed for a first-time felony OMVI offender, a prison sentence is not within the range of available prison terms when sentencing a first-time felony OMVI offender for community control violations.[4] See State v. Combs (July 18, 2000), Scioto App. No. 99 CA 2679, unreported.
Other courts have considered the type of sentence that a trial court may impose upon a first-time fourth degree felony OMVI offender. In Statev. Campbell (July 21, 2000), Miami App. No. 99 CA 33, unreported, the court originally sentenced the defendant, a first-time fourth degree felony OMVI offender, to five years of community control and to sixty days in the county jail. The trial court subsequently sentenced the defendant to eighteen months in prison for violating the terms of community control. On appeal, the defendant argued that the eighteen month sentence was contrary to law. In considering whether the eighteen month sentence was permissible, the court noted:
 "The available sentences for fourth degree felonies generally range from six to eighteen months. R.C. 2929.14(A)(4). The penalties for felony DUI offenses, however, are different from those for other fourth degree felonies. See Painter Looker, Ohio Driving Under the Influence Law (1999 Ed.) 2321 Section T 19.10. R.C. 2929.16(A) provides:
 * * * The court imposing a sentence for a fourth degree felony OMVI offense upon an offender who is required to serve a mandatory term of local incarceration pursuant to [R.C. 2929.13(G)(1)] may impose upon the offender, in addition to the mandatory term of local incarceration, a community residential sanction or combination of community residential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration required for the offense. Community residential sanctions include, but are not limited to, the following: * * * (3) If the offender is convicted of a fourth degree felony OMVI offense and is sentenced pursuant to [R.C. 2929.13(G)(1)] * * * a term of up to one year in jail less the mandatory term of local incarceration imposed pursuant to that division.
 The maximum one year sentence for a fourth degree felony DUI offense provided for in R.C. 2929.16(A)(3) conflicts with the maximum eighteen month sentence provided for fourth degree felonies generally in R.C. 2929.14(A)(4).
 It is well established that, if a general statutory provision conflicts with a special provision, the special provision prevails as an exception to the general provision unless it is clear that the legislature intended for the general provision to prevail. R.C. 1.51 * * * . Moreover, courts have specifically held that, notwithstanding the general felony sentencing guidelines set forth in R.C. 2929.14(A)(4), R.C. 2929.16(A)(3) permits a trial court to impose a maximum sentence of no more than one year in jail for a first felony DUI offense, less any mandatory term of local incarceration imposed pursuant to R.C. 2929.13(G)(1)."
Campbell (citations omitted.)
We agree with the Campbell court's analysis.[5] When sentencing a first-time fourth degree felony OMVI offender for community control violations, a trial court may not impose a sentence greater than that which would have been permissible for the underlying offense. A first-time fourth degree felony offender may not be incarcerated for a term in excess of one year. Thus, a trial court may not sentence a first-time fourth degree felony offender who violates the terms of community control to any additional term of incarceration if the one year maximum term of incarceration already has been served.
In the case at bar, the trial court's sentence of six months incarceration for appellant's community control violations would result in appellant serving a term of incarceration greater than that permitted for a first-time fourth degree felony OMVI offender. Consequently, we agree with appellant that the trial court's sentence for appellant's community control violations is contrary to law.
Accordingly, based upon the foregoing reasons, we sustain appellant's sole assignment of error and reverse the trial court's judgment. We remand this matter for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and this cause remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
 __________________________ Peter B. Abele, Judge
[2] R.C. 4511.99(A)(4)(a) provides that a defendant's fourth R.C.4511.99(A) offense within six years constitutes a fourth degree felony.
[3] The state argues that our opinion in appellant's previous appeal approves of the trial court's original sentence of one year local incarceration plus six months in SEPTA and that we thus recognized that a first-time fourth degree felony OMVI offender may be incarcerated for up to eighteen months. We disagree with the state. In appellant's prior appeal, the issue regarding the length of appellant's total incarceration was not squarely before us. Moreover, we noted in a footnote that we had reservations concerning the sentence. Thus, we do not agree with the state's argument that our opinion in Schofield I controls the outcome in the case at bar.
[4] We note that the trial court found that it could sentence appellant to a prison term, but did not sentence appellant to a prison term.
[5] We, however, recognize that the trial court's position in the casesub judice is well-reasoned and understandable. Thus, we welcome further scrutiny and clarification from the Ohio Supreme Court on this issue. The Ohio General Assembly's overhaul of the criminal sentencing provisions has created some confusion for trial courts and courts of appeal and additional guidance on these issues would be beneficial.