OPINION
This matter came before the court upon David T. Campbell's application to reopen his appeal pursuant to App.R. 26(B), in which he claimed that he had been afforded the ineffective assistance of appellate counsel. We found that Campbell's application set forth a colorable claim of ineffective assistance of appellate counsel for failing to raise an alleged error in the trial court's sentence. State v. Campbell (June 1, 2000), Miami App. No. 99CA33, unreported decision and entry. We granted Campbell's application for reopening and ordered the state to file its responsive brief, if any, within twenty days. The state has apparently chosen not to respond, and we now proceed to consider the merits of the application.
On October 6, 1997, Campbell pled guilty to one count of driving under the influence ("DUI") in violation of R.C.4511.19(A)(1). Because Campbell had been convicted of three prior DUI offenses within six years, the offense was classified as a fourth degree felony. R.C. 4511.99(A)(4)(a). This was the first time Campbell had been convicted of a felony DUI offense. He was sentenced to five years of community control, subject to numerous general and special conditions, including a sixty day jail sentence in the Miami County Jail.
On July 19, 1999, Campbell appeared in the trial court and admitted that he had violated his community control by driving under the influence on June 26, 1999. The trial court sentenced Campbell to the maximum sentence allowed for a fourth degree felony pursuant to R.C. 2929.14(A)(4)-eighteen months in prison-for violating his community control. On appeal, Campbell challenged the trial court's decision to impose the maximum sentence. We affirmed the trial court's judgment in State v.Campbell (Jan. 21, 2000), Miami App. No. 99CA33, unreported.
On April 20, 2000, Campbell filed an application to reopen his appeal asserting one assignment of error.
 MR. CAMPBELL'S SENTENCE OF 18 MONTHS IN PRISON FOR HIS FIRST FELONY DUI IS CONTRARY TO LAW.
Campbell contends that his appellate counsel was ineffective in failing to argue that the trial court had erred in sentencing him to prison rather than to local incarceration upon his violation of the community control sanctions. We will also consider, sua sponte, whether the length of Campbell's sentence was contrary to law.
As discussed supra, this case involved Campbell's fourth DUI offense within six years. R.C. 4511.99(A)(4)(a) classifies a fourth offense within six years as a felony of the fourth degree, as follows:
 If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code, * * * the offender is guilty of a felony of the fourth degree. The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code and shall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days of imprisonment in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days of imprisonment in accordance with division (G)(2) of that section, whichever is applicable.
The distinction between R.C. 2929.13(G)(1) and (G)(2) is based on whether the offender has previously been convicted of a felony DUI offense. R.C. 2929.13(G)(1) applies to offenders who have not previously been convicted of a felony DUI offense, and R.C. 2929.13(G)(2) applies those who have previously been convicted of a felony DUI offense. State v. Mayer (Aug. 26, 1999), Cuyahoga App. No. 75639, unreported, fn. 1; State v.Ferguson (Aug. 19, 1999), Pickaway App. No. 99CA6, unreported.
It is undisputed that Campbell had not been previously convicted of a felony DUI offense; therefore, R.C. 2929.13(G)(1) applied. R.C. 2929.13(G)(1) provides, in pertinent part:
 [T]he court shall impose upon the offender a mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code * * *. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison. * * *
R.C. 2929.13(G)(2) provides for a mandatory prison term of sixty days for an offender who previously has been sentenced to a mandatory term of local incarceration pursuant to R.C.2929.13(G)(1). The definitions of a jail and of a prison, as those terms are used in the Revised Code, are distinct. See R.C. 2929.01(V) and R.C. 2929.01(CC).
R.C. 2929.13(G)(1) clearly prohibits the imposition of a prison sentence for a first time felony DUI offense. Thus, the trial court erred in sentencing Campbell to a prison term rather than to incarceration in "a jail, a community-based correctional facility, a halfway house, or an alternative residential facility" on his first felony offense. The fact that the trial court imposed this sentence after Campbell had violated a community control sanction did not change this fact. R.C. 2929.15(B) specifies that, if the conditions of a community control sanction are violated, the trial court may impose a prison term pursuant to R.C. 2929.14. R.C. 2929.14(A) establishes the possible sentences for a fourth degree felony but recognizes that a sentence prohibited by R.C. 2929.13(G)(1) may not be imposed. R.C.2929.15(B) further provides that a prison term imposed due to an offender's violation of community control sanctions "shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed." Because no prison sentence could have been imposed for a first time felony DUI offense, the trial court's sentence was not "within the range of prison terms available" for the offense upon which the community control sanctions had been based. Several other courts have also held that a prison sentence may not be imposed for a first time felony DUI offense. State v. Wilton (1999), 133 Ohio App.3d 575,578; Mayer, supra; Ferguson, supra; State v. Corbin
(March 8, 1999), Paulding App. No. 12-98-9, unreported. See, also, State v. Maloney (Sept. 27, 1999), Clermont App. No. CA 99-01-006, unreported. Thus, the trial court erred in sentencing Campbell to prison rather than to local incarceration as specified in R.C. 2929.13(G)(1).
We now turn to the length of Campbell's sentence. We considered this issue in the context of whether the trial court had reasonably found that Campbell was likely to be a recidivist, and therefore should have received the maximum sentence, in our January 1, 2000 opinion. We now consider the length of sentences available for a fourth degree felony DUI offense. While this issue is not addressed directly in Campbell's application to reopen, it is addressed in some of the cases upon which he relies.
The available sentences for fourth degree felonies generally range from six to eighteen months. R.C. 2929.14(A)(4). The penalties for felony DUI offenses, however, are different from those for other fourth degree felonies. See Painter Looker, Ohio Driving Under the Influence Law (1999 Ed.) 2321, § T 19.10. R.C. 2929.16(A) provides:
 * * * The court imposing a sentence for a fourth degree felony OMVI offense upon an offender who is required to serve a mandatory term of local incarceration pursuant to [R.C. 2929.13(G)(1)] may impose upon the offender, in addition to the mandatory term of local incarceration, a community residential sanction or combination of community residential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration required for the offense. Community residential sanctions include, but are not limited to, the following:
* * *
 (3) If the offender is convicted of a fourth degree felony OMVI offense and is sentenced pursuant to [R.C. 2929.13(G)(1)] * * * a term of up to one year in jail less the mandatory term of local incarceration of sixty consecutive days of imprisonment imposed pursuant to that division[.]
The maximum one year sentence for a fourth degree felony DUI offense provided for in R.C. 2929.16(A)(3) conflicts with the maximum eighteen month sentence provided for fourth degree felonies generally in R.C. 2929.14(A)(4).
It is well established that, if a general statutory provision conflicts with a special provision, the special provision prevails as an exception to the general provision unless it is clear that the legislature intended for the general provision to prevail. R.C. 1.51; Thomas Steel, Inc. v. Wilson Bennett, Inc. (1998),127 Ohio App.3d 96, 105, citing Andrianos v. Community Traction Co.
(1951), 155 Ohio St. 47, paragraph one of the syllabus. Moreover, courts have specifically held that, notwithstanding the general felony sentencing guidelines set forth in R.C. 2929.14(A)(4), R.C.2929.16(A)(3) permits a trial court to impose a maximum sentence of no more than one year in jail for a first felony DUI offense, less any mandatory term of local incarceration imposed pursuant to R.C. 2929.13(G)(1). Mayer, supra; Ferguson, supra. In our view, R.C. 1.51 compels us to reach this same conclusion and to apply the more specific-and shorter-sentence provided for in R.C.2929.16(A)(3). Thus, the trial court erred in sentencing Campbell to eighteen months of incarceration.
The assignment of error is sustained.
The judgment of the trial court will be reversed, and the matter will be remanded for resentencing in accordance with the foregoing discussion.
 _______________________ WOLFF, J.
BROGAN, J. and YOUNG, J., concurs.