[Cite as *State v. Lowe*, 2010-Ohio-2788.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  08 CO 37 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| DONALD E. LOWE, Jr. | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 2007 CR 201.


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Robert L. Herron
                                   Columbiana County Prosecutor
                                   Attorney John Gamble
                                   Assistant Prosecuting Attorney
                                   105 S. Market Street
                                   Lisbon, OH  44432


For Defendant-Appellant:           Attorney John Juhasz
                                   7081 West Blvd., Suite 4
                                   Youngstown, OH  44512


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Gene Donofrio


                                   Dated:  June 10, 2010

DeGenaro, J.

{¶1}   This timely appeal comes for consideration upon the record in the trial court and the parties' briefs.  Defendant-Appellant, Donald E. Lowe, appeals the September 26, 2008 decision of the Columbiana County Court of Common Pleas that imposed an eighteen month sentence subsequent to accepting his guilty plea on one count of Operating a Motor Vehicle While under the Influence of Alcohol or Drugs, a fourth degree felony violation of R.C. 4511.19(A)(1)(a), with a specification that he had previously been convicted of or pleaded guilty to five or more equivalent offenses, pursuant to R.C. 2941.1413 and in accordance with R.C. 4511.19(G)(1)(d).

{¶2}   Lowe argues that the sentencing court erred by using Lowe's five prior OVI convictions to enhance his present sentence, because one of the five convictions was constitutionally infirm because Lowe entered an uncounseled plea.  Lowe further argues that trial counsel was constitutionally ineffective in litigating his case. Finally, Lowe argues that his offense required a minimum sentence, and was contrary to R.C. 2929.12.

{¶3}   Upon review, Lowe's arguments are meritless.  Lowe conceded as to the constitutionality of four of his five prior OVI convictions, and he failed to present prima facie evidence that his no contest plea, underlying the fifth prior conviction, was constitutionally infirm.  Lowe's ineffective assistance of counsel claim only addresses actions taken by counsel prior to Lowe's guilty plea, thus Lowe has waived the issue for appeal.  Further, the trial court's sentencing decision was not contrary to law, nor did it involve an abuse of discretion.  Accordingly, the decision of the trial court is affirmed.

## Facts and Procedural History

{¶4}   On August 30, 2007, Lowe was indicted for Operating a Motor Vehicle While under the Influence of Alcohol or Drugs a fourth degree felony violation of R.C. 4511.19(A)(1)(a), with the Specification Concerning Prior Felony OVI Offenses pursuant to R.C. 2941.1413 that he had previously been convicted or pleaded guilty to five or more OVI offenses within the past twenty years.  Lowe entered a plea of not guilty and was assigned counsel.

{¶5}   During the initial discovery process, the State indicated that it would present

certified copies of Lowe's five prior OVI convictions, entered on May 10, 1988, September 4, 1991, January 22, 1993, February 1, 1993, and January 4, 2005. The State also noted Lowe's prior criminal history included convictions for disorderly conduct on November 8, 1995, and for criminal trespass, aggravated menacing, and telephone harassment on February 6, 1997, as well as arrests with unknown dispositions for assault, theft, obstructing official business and disorderly conduct between the years of 1988 and 1993.

{¶6} Lowe filed a motion to suppress, claiming an unlawful investigatory stop, unreasonable seizure and subsequent Fourth and Fifth Amendment violations. Lowe also filed a motion in limine regarding his past five OVI convictions or guilty pleas, arguing that they were constitutionally infirm. Lowe filed a motion for appropriation of funds to procure transcripts for his previous five OVI convictions or guilty pleas.

{¶7} On February 6, 2008 a grand jury issued a superseding indictment for one count of Operating a Motor Vehicle While under the Influence of Alcohol or Drugs in violation of R.C. 4511.19(A)(1)(a) and an additional count of Operating a Motor Vehicle While under the Influence of Alcohol or Drugs, Test Refusal, in violation of R.C. 4511.19(A)(2), both fourth degree felonies with repeat OVI specifications. At a February 8, 2008 hearing, Lowe entered a plea of not guilty to the superseding indictment, withdrew his motion to suppress, and the trial court granted Lowe's motion for appropriation of funds. Lowe was able to obtain transcripts of the proceedings for four of his prior OVI cases.

{¶8} No transcript was available for Lowe's plea hearing before Mahoning County Court No. 2 in Case No. 90 TRC 2005. Although it was not entered into the record for this court's review, there was apparently a three-page handwritten docket for Lowe's 1990 case, which the parties stipulated was the only remaining evidence of the proceedings in that case.

{¶9} In response to Lowe's motion in limine, the State argued that the parties had stipulated to the validity of four of Lowe's past five OVI violations, and that only one violation remained at issue. According to the 1990 docket, Lowe had pleaded not guilty to an OVI violation before Judge Michael A. Gerchak on May 1, 1990, and seems to have been appointed "J. Durkin" as counsel. The State conceded that the docket did not

explicitly indicate whether appointed counsel actually appeared with Lowe on September 4, 1991 when Lowe changed his plea to no contest and was found guilty. However, the State argued that, absent some prima facie evidence to the contrary, there should be a presumption of regularity of the proceedings below, including the presumption that Lowe entered a counseled or otherwise knowing, voluntary and intelligent guilty plea. The trial court adopted the reasoning of the State's memorandum, and dismissed Lowe's motion in limine regarding his prior convictions.

{¶10} On July 9, 2008, Lowe entered a plea agreement and submitted a guilty plea to a single OVI count with a repeat OVI specification. At the plea hearing, the trial court engaged in a lengthy colloquy with Lowe. The trial court filed Judicial Advice to Defendant, and Lowe completed and signed a Defendant's Response to Court, indicating that he understood the ramifications of his guilty plea. The trial court filed a judgment entry accepting Lowe's guilty plea, noting it had been knowingly, voluntarily and intelligently given.

{¶11} Subsequent to a pre-sentence investigation, the trial court held a sentencing hearing on September 26, 2008. At the hearing, Lowe requested a minimum sentence, and the State recommended a sentence of ten months. The trial court imposed an eighteen month sentence and additional sanctions, noting the seriousness of the present offense, as well as Lowe's criminal record outside of the OVI's, which indicated an indifference to the law. The trial court's judgment entry noted that it had considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12 when determining Lowe's sentence.

### Consideration of Prior Convictions

{¶12} In his first of four assignments of error, Lowe asserts:

{¶13} "The Trial Court erred by using a previous OVI conviction to enhance Appellant's sentence in the absence of evidence establishing the Constitutional validity of all his previous OVI convictions. Appellant's conviction of a Felony 4 OVI is against the manifest weight of the evidence."

{¶14} Lowe argues that the trial court erroneously overruled his motion in limine and used a constitutionally infirm conviction in order to enhance the penalty for his current

OVI offense, violating Lowe's Fifth, Sixth and Fourteenth Amendment rights and causing his conviction to be against the manifest weight of the evidence.

{¶15} Pursuant to Crim.R. 12(I), a plea of no contest "does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." However, a plea of guilty "represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea * * *." *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351, quoting *Tollett v. Henderson* (1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. This principle applies to preclude challenges to rulings on pre-trial motions. See *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, at ¶117; *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, at ¶78-79.

{¶16} Lowe does not argue that his present guilty plea was not knowing, voluntary or intelligent, and only presents an argument regarding the claims he raised in his December 20, 2007 motion in limine regarding his five prior OVI convictions or guilty pleas. By subsequently pleading guilty, Lowe provided a complete admission that he had committed five prior OVI offenses in the past twenty years, and that he had committed the OVI that was presently charged. Lowe is thus precluded from arguing the substantive merits of the trial court's decision to overrule his motion in limine. Moreover, assuming arguendo that Lowe had preserved the issue for review on appeal, it is still without merit.

{¶17} R.C. 4511.19, provides in pertinent part,:

{¶18} "(A)(1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:

{¶19} "(a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

{¶20} "* * *

**{¶21}** "(G)(1) Whoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. * * * The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section:

**{¶22}** " * * *

**{¶23}** "(d) Except as otherwise provided in division (G)(1)(e) of this section, an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree."

**{¶24}** A sole violation of Ohio's OVI statute generally constitutes a first degree misdemeanor. R.C. 4511.19(G)(1)(a). However, when the defendant has previously pleaded guilty to or been convicted of five or more similar offenses in the past twenty years, the offense constitutes a fourth degree felony. R.C. 4511.19(G)(1)(d). Because the defendant's prior convictions transform the current offense by increasing its degree, the prior convictions are essential elements of the offense which must be proved beyond a reasonable doubt. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, at ¶8.

**{¶25}** Although a defendant generally does not have the ability to collaterally attack prior convictions, he has a limited right to do so when the prior convictions are being used to enhance the penalty of another offense. Id. at ¶9. This court has held that "when a criminal defendant is collaterally challenging a prior penalty-enhancing conviction on the basis of constitutional infirmity, the only recognized constitutional infirmity is that he or she was denied the fundamental right to be represented by counsel, or the necessary corollary, an invalid waiver of the right to counsel." *State v. Culberson*, 142 Ohio App.3d 656, 662-663, 2001-Ohio-3261, 756 N.E.2d 734.

**{¶26}** Once the State has proven the existence of the defendant's prior

convictions, the onus is on the defendant to make "a prima facie showing that he had been 'uncounseled' in his prior convictions – that is, that he had not been represented and that he had not validly waived representation." *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, 903 N.E.2d 618, at ¶7. A defendant may provide evidence such as "testimony, affidavits, or transcripts" to support his contention, but a "bald allegation of constitutional infirmity is insufficient." Id.

**{¶27}** Here, the State showed that Lowe had been convicted or pleaded guilty to OVI offenses on May 10, 1988, September 4, 1991, January 22, 1993, February 1, 1993, and January 4, 2005. Lowe conceded that the State had proven the existence of his five prior OVI convictions, and conceded to the validity of four of his five prior OVI convictions, but claimed that his no contest plea for the 1991 conviction was uncounseled, or was otherwise not knowing, voluntary or intelligent. Lowe was unable to obtain a transcript of the 1991 plea hearing. The parties agreed that the docket of the 1991 case was the last remaining evidence of those proceedings. The State argued to the trial court that the docket reflected that Lowe was appointed counsel at the time of his May 1, 1990 not guilty plea, and that there was nothing in the docket to indicate that counsel was not present at the time Lowe changed his plea to no contest on September 4, 1991.

**{¶28}** Lowe claims that his counsel stated at an April 28, 2008 hearing that the certified copy of Lowe's 1991 conviction indicated that Lowe did not have counsel in that case. However, Lowe did not provide a transcript of the April 28, 2008 hearing for this court's review. The record indicates that Lowe offered no affidavits or other evidence to the trial court to demonstrate that he had been denied access to his appointed counsel or that the trial court had contravened Crim.R. 11 when accepting Lowe's no contest plea. Further, Lowe did not cause copies of the conviction or of the docket of his 1991 case to be entered into the record for review in the present case. Without evidence to the contrary, the trial court and this court must presume the regularity of the proceedings underlying Lowe's 1991 no contest plea.

**{¶29}** Because Lowe did not establish a prima facie showing of a constitutional infirmity of his 1991 plea, the burden of proving the validity of Lowe's 1991 plea did not shift to the State. Accordingly, Lowe's first assignment of error is meritless.

**Ineffective Assistance of Counsel**

**{¶30}** In his second assignment of error, Lowe asserts:

**{¶31}** "Appellant's Felony 4 OVI conviction must be overturned because he was denied effective assistance of counsel as guaranteed by the 6th Amendment to the U.S. Constitution as well as the Constitution of the State of Ohio."

**{¶32}** Lowe argues that he was denied the effective assistance of counsel because trial counsel was deficient in preparing Lowe's motion in limine regarding his prior convictions. Lowe indicates that counsel failed to obtain evidence that could have changed the trial court's ruling on the motion and therefore the outcome of the entire case.

**{¶33}** As noted in the first assignment of error, an appellant's guilty plea "waives the right to challenge the propriety of any action taken by a trial court or trial counsel prior to that point in the proceedings unless it affected the knowing and voluntary character of the plea." *State v. Doak*, 7th Dist. No. 03 CO 15, 03 CO 31, 2004-Ohio-1548, at ¶55, quoting *State v. Madeline*, 11th Dist. No. 2000-T-0156, 2002-Ohio-1332. A guilty plea waives the right to argue a claim of ineffective assistance of counsel on appeal, apart from a claim that counsel caused the plea to be less than knowing voluntary and intelligent. *Ketterer*, supra, at ¶105.

**{¶34}** Lowe does not argue that counsel caused his plea to be less than knowing, voluntary or intelligent, and only presents an argument regarding counsel's actions surrounding the December 20, 2007 motion in limine regarding his prior OVI offenses. Subsequent to the deficiencies claimed, Lowe entered his guilty plea, and thus Lowe has waived this issue on appeal. Accordingly Lowe's second assignment of error is meritless.

**Minimum Sentencing and R.C. 2929.12**

**{¶35}** In his third and fourth assignments of error, Lowe asserts:

**{¶36}** "The Trial Court erred by imposing a 18 month prison sentence for a Felony 4 OVI with a minimum sentence required."

**{¶37}** "The Trial Court erred because Appellant's sentence was contrary to the sentencing guidelines as listed in O.R.C. §2929.12."

{¶38} Lowe argues that the trial court's imposition of a non-minimum sentence violated his Fifth and Sixth Amendment rights by failing to comply with R.C. 2929.14(B), R.C. 2929.13(B) and R.C. 2929.13(G). Lowe further argues that the trial court did not adequately consider the sentencing guidelines under R.C. 2929.12.

{¶39} When reviewing a felony sentence, an appellate court must determine first whether the defendant has shown by clear and convincing evidence that the sentence is contrary to law, and second whether the court committed an abuse of discretion. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶4. As for the first step, a trial court's sentence would be contrary to law if, for example, it were outside the statutory range, in contravention of a statute, or decided pursuant to an unconstitutional statute. *Kalish* at ¶36, 896 N.E.2d 124; *State v. Thomas*, 7th Dist. No. 06 MA 185, 2008-Ohio-1176, at ¶16. As for the second step, a reviewing court must determine whether the trial court abused its discretion in applying R.C. 2929.11 and R.C. 2929.12. *State v. Gratz*, 7th Dist. No. 08-MA-101, 2009-Ohio-695, at ¶8, citing *Kalish* at ¶13-14. An abuse of discretion is more than a mere error of law or judgment; it constitutes an unreasonable, arbitrary or unconscionable use of discretion. *Kalish* at ¶19.

{¶40} Lowe concedes that the sentence imposed was within the statutory range for his offense. However, Lowe contends that the trial court was required to, and failed to make certain findings as required by R.C. 2929.14(B) and R.C. 2929.13(B)(1) and R.C. 2929.13(G)(1) in order to depart from a minimum sentence. Lowe's contention is incorrect.

{¶41} The Ohio Supreme Court has held that R.C. 2929.14(B) is unconstitutional. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶61. Subsequent to the decision in *Foster,* the sentencing judge does not have to make any findings pursuant to R.C. 2929.14(B) in order to impose more than a minimum prison sentence. *Kalish* at ¶11-12; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at ¶26-27. Thus the trial court was not obligated to make findings under R.C. 2929.14(B) in order to impose Lowe's non-minimum sentence.

{¶42} As for R.C. 2929.13(B), the plain language of the statute does not

necessarily require a sentencing judge to make any particular findings before imposing a prison sentence for a fourth degree felony offense. *State v. Mayor*, 7th Dist. No. 07 MA 177, 2008-Ohio-7011, at ¶51; *Foster* at ¶70. Instead, "it merely requires prison if the court decides to make certain findings and requires community control if the court decides to make other findings. If the court makes no findings, it can in fact sentence a fourth degree felon to prison." Id. Moreover, R.C. 2929.13(B) explicitly states that its application is precluded if R.C. 2929.13(G), which governs fourth degree felony OVI offenses, applies. Thus, because Lowe's fourth degree felony OVI offense is governed by the sentencing modifications of R.C. 2929.13(G), his argument regarding R.C. 2929.13(B) fails.

{¶43} Lowe also argues that the trial court contravened R.C. 2929.13(G)(1) by failing to impose a minimum sixty-day sentence to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility. In support of his argument that the trial court was obligated to employ one of these less punitive sentencing options, Lowe cites to *State v. Wilton* (1999), 133 Ohio App.3d 575, 729 N.E.2d 420; and *State v. Rohda* (1999), 135 Ohio App.3d 21, 732 N.E.2d 1018. Both of these cases held that R.C. 2929.13(G) prohibited a trial court from imposing a prison term if it is the first time that the defendant has committed an OVI offense at the felony level. However, those cases relied on the language of R.C. 2929.13(G) which was in effect at the time of each defendant's 1998 OVI offense. At the time of *Wilton* and *Rohda*, R.C. 2929.13(G) stated:

{¶44} "(G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

{¶45} "(1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days * * *. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term

in the type of facility specified by the court. The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison. * * *.

{¶46} "(2) If the offender previously has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory prison term of sixty days * * *. In no case shall an offender who once has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OMVI offense be sentenced to another mandatory term of local incarceration under that division for a fourth degree felony OMVI offense."

{¶47} The language of R.C. 2929.13(G) has substantively changed since 1998, as that division underwent amendments in 1999, 2002, and again in 2004. R.C. 2929.13(G), as it presently applies, states as follows:

{¶48} "(G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OVI offense or for a third degree felony OVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

{¶49} "(1) If the offender is being sentenced for a fourth degree felony OVI offense *and if the offender has not been convicted of and has not pleaded guilty to a specification of the type described in section 2941.1413 of the Revised Code*, the court may impose upon the offender a mandatory term of local incarceration of sixty days or one hundred twenty days as specified in division (G)(1)(d) of section 4511.19 of the Revised Code. * * *. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. A mandatory term of local incarceration imposed under division (G)(1) of this section is not subject to any other Revised Code provision that pertains to a prison term except as provided in division (A)(1) of this section.

{¶50} "(2) If the offender is being sentenced for a third degree felony OVI offense,

or if the offender is being sentenced for a fourth degree felony OVI offense and the court does not impose a mandatory term of local incarceration under division (G)(1) of this section, the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years if the offender also is convicted of or also pleads guilty to a specification of the type described in section 2941.1413 of the Revised Code or shall impose upon the offender a mandatory prison term of sixty days or one hundred twenty days as specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code if the offender has not been convicted of and has not pleaded guilty to a specification of that type. * * *. The offender shall serve the one-, two-, three-, four-, or five-year mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense. In no case shall an offender who once has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OVI offense be sentenced to another mandatory term of local incarceration under that division for any violation of division (A) of section 4511.19 of the Revised Code." (emphasis added)

**{¶51}** Pursuant to the current language of the statute, R.C. 2929.13(G)(1) does not apply if the offender has been convicted of or pleaded guilty to a repeat OVI offender specification pursuant to R.C. 2941.1413. The repeat OVI offender specification was included in Lowe's plea and conviction, thus the trial court did not act contrary to law in failing to impose one of the less punitive options of R.C. 2929.13(G)(1).

**{¶52}** Accordingly, because R.C. 2929.14(B) has been declared unconstitutional and no longer requires the trial court to make specific findings, and because the trial court did not contravene R.C. 2929.13(B) or R.C. 2929.13(G), Lowe's sentence is not clearly and convincingly contrary to law.

**{¶53}** Next, Lowe argues that the trial court abused its discretion when considering sentencing factors under R.C. 2929.12 because the trial court only referenced certain aggravating factors and did not make reference to certain mitigating factors when determining Lowe's sentence.

**{¶54}** When considering the purposes and principles of sentencing under R.C.

2929.11 and the seriousness and recidivism factors under R.C. 2929.12, a trial court does not need to state its reasoning on the record or in its judgment entry as to how or why particular factors in those statutes apply to the case under consideration. *Kalish*, supra, at ¶18, fn. 4; *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302, 724 N.E.2d 793; *State v. James*, 7th Dist. No. 07 CO 47, 2009-Ohio-4392, at ¶50. Although the trial court has the duty to consider R.C. 2929.11 and R.C. 2929.12 when formulating a sentence, the trial court does not have the duty to declare on the record each item that the trial court considered.

{¶55} First, Lowe argues that the trial court's conclusion that Lowe had a "lack of respect for the law" was contrary to the record, because Lowe had not been convicted of any crimes other than traffic-related offenses. However, this is simply not true. In addition to the five OVI convictions entered on May 10, 1988, September 4, 1991, January 22, 1993, February 1, 1993, and January 4, 2005, Lowe had been convicted of an OVI offense on October 24, 1995 in Pennsylvania. Lowe had also been convicted twice on Violation of Restriction offenses, twice on Reckless Operation offenses, once on a Failure to Reinstate offense, three times on Driving Under Suspension offenses, once on a Seat Belt Violation offense, and once on a Fleeing offense. In addition to his traffic-related offenses, Lowe had been convicted on counts of Disorderly Conduct, Aggravated Menacing, Telephone Harassment, and Criminal Trespass in 1995 and 1997.

{¶56} Second, Lowe argues that the trial court did not adequately consider the fact that Lowe is the primary caretaker of his elderly father, who broke his hip and requires extensive assistance. Lowe's September 26, 2008 sentencing transcripts reflects that Lowe presented this fact to the trial court. The trial court stated that it would be glad to listen to Lowe's statement on the subject. After Lowe explained his father's situation to the trial court, the trial court explained that its "function is to protect the public, punish offenders and decree a sentence that's fair when you take into consideration the type of criminal conduct involved." The trial court explained that it considered what Lowe had to present in his defense, but found that Lowe's extensive record warranted an eighteen-month prison sentence. The trial court's analysis indicates that it adequately considered Lowe's presentation of mitigating circumstances.

{¶57} The trial court explicitly made references to its consideration of R.C. 2929.11 and R.C. 2929.12 in its sentencing decision, and the trial court discussed factors that justified imposing an eighteen-month prison sentence. Thus, the trial court did not abuse its discretion in arriving at its sentencing decision. Because the trial court's sentencing decision was not contrary to law and not an abuse of discretion, Lowe's third and fourth assignments of error are meritless.

{¶58} In conclusion, Lowe either conceded the constitutionality of his convictions or failed to establish any were constitutionally infirm, and he waived his ineffective assistance of counsel claim. Moreover, his sentence was neither contrary to law or an abuse of discretion. Accordingly, the judgment of the trial court is affirmed.

Vukovich, P.J., concurs.

Donofrio, J., concurs.