**[Cite as *State v. McClellan*, 2020-Ohio-5551.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                          Court of Appeals No. E-19-075

      Appellee                                   Trial Court No. 2019-CR-121

v.

Michael McClellan, Jr.                          **DECISION AND JUDGMENT**

      Appellant                                  Decided:  December 4, 2020

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

John M. Felter, for appellant.

* * * * *

**ZMUDA, P.J.**

{¶ 1} Appellant, Michael McClellan, Jr., appeals the December 3, 2019 judgment of the Erie County Court of Common Pleas sentencing him to 30 months in prison following his conviction for operating a vehicle while intoxicated in violation of R.C. 4511.19(A)(1) and (G)(1)(d).  For the reasons that follow, we reverse the trial court's judgment.

## I. Background

{¶ 2} On May 8, 2019, appellant was indicted on one count of operating a vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a) and (G)(1)(d), a fourth-degree felony; and one count of failing to submit to a chemical test in violation of R.C. 4511.192(A), an unclassified misdemeanor. Appellant was arraigned on May 30, 2019. Appellant appeared at his arraignment with counsel and entered a not guilty plea to both counts.

{¶ 3} Following negotiations with the state, appellant appeared before the trial court on September 23, 2019 for a change of plea hearing. Pursuant to a plea agreement, appellant entered a guilty plea to the fourth-degree felony OVI charge and the state requested that the trial court dismiss the failure to submit to chemical testing charge. The trial court accepted appellant's guilty plea and dismissed the second count as requested. The trial court ordered appellant to participate in a presentencing investigation and set a sentencing for December 2, 2019.

{¶ 4} At sentencing, the trial court imposed a mandatory 30-month prison term for appellant's felony OVI conviction. The trial court also imposed a mandatory $7,500 fine and ordered appellant to pay all court costs. Lastly, the trial court imposed a lifetime suspension of appellant's operator's license.

{¶ 5} The trial court memorialized appellant's sentence in its December 3, 2019 judgment entry. Appellant timely appealed and assigns the following error for our review:

2.

The trial court abused its discretion by sentencing appellant to 30 months in prison.

## II. Law and Analysis

### A. Felony sentences are reviewed pursuant to R.C. 2953.08(G)

{¶ 6} Appellant's assignment of error alleges the trial court's imposition of a 30-month prison term was an abuse of its discretion. Felony sentences are not reviewed under an abuse of discretion standard. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10. Rather, we review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a judgment only if we clearly and convincingly find either of the following: "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or "(b) the sentence is otherwise contrary to law." *State v. Yeager*, 6th Dist. Sandusky No. S-15-025, 2016-Ohio-4759, ¶ 7, citing R.C. 2953.08(G)(2). Appellant's argument alleges that the trial court was not permitted to sentence him to a prison term for his first felony OVI conviction under R.C. 4511.19 and 2929.13. Therefore, we review appellant's sentence pursuant to R.C. 2953.08(G)(2)(b) to determine whether it is contrary to law.

3.

## B. Appellant's sentence is contrary to law

{¶ 7} Appellant was convicted of operating a vehicle while intoxicated pursuant to R.C. 4511.19(A)(1)(a). Appellant was previously convicted of five misdemeanor OVI charges within 20 years prior to the conviction underlying this appeal. Because of his prior conduct, the current violation constitutes a fourth-degree felony under R.C. 4511.19(G)(1)(b) which states "an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree." In his sole assignment of error, appellant argues that because this is his first felony OVI conviction that his sentence is contrary to law because he was "entitled to be sentenced local incarceration (sic) and was not eligible for a prison sentence."

{¶ 8} R.C. 4511.19(G)(1)(d) states that upon an offender's fourth degree felony OVI conviction:

{¶ 9} The court shall sentence the offender to all of the following:

(i) If the sentence is being imposed for a violation of division (A)(1)(a), (b), (c), (d), (e), or (j) of this section, * * * *in the discretion of the court*, *either* a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code *or* a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section if the offender is not convicted of and does not plead guilty to a [repeat offender specification established under R.C.

4.

2941.1413]. If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense.  If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code.  If the court imposes a mandatory prison term or mandatory prison term and additional prison term, in addition to the term or terms so imposed, the court also may sentence the offender to a community control sanction for the offense, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.

(Emphasis added.)  The plain language of R.C. 4511.19(G)(1)(d)(i) grants the trial court the discretion to impose either a mandatory term of local incarceration or a mandatory prison term on appellant following his conviction under R.C. 4511.19(A)(1)(a).

{¶ 10} R.C. 2929.13(G) likewise establishes the trial court's discretion to impose "a mandatory term of local incarceration *or* a mandatory prison term" for a fourth-degree felony OVI offense.  (Emphasis added.)  Notably absent from either sentencing statute is

5.

language supporting appellant's suggestion that he was "entitled" to be sentenced to local incarceration because this was his first felony OVI conviction. Therefore, the statutes permit a trial court to impose either a mandatory term of local incarceration or a mandatory prison term for a fourth-degree felony OVI conviction without regard to whether the conviction is appellant's first felony. *See State v. Rabe*, 12th Dist. Clermont No. CA2013-04-027, 2013-Ohio-4867, ¶ 20; *State v. Kennedy*, 2d Dist. Champaign No. 2011-CA-3, 2011-Ohio-4291, ¶ 26-32.

{¶ 11} Despite the plain language of the statutes, appellant argues that trial courts are only permitted to impose a prison term under R.C. 4511.19(G)(1)(b) and 2929.13(G)(2) if the offender has served a term of local incarceration for a previous felony OVI conviction. In support of his argument, appellant relies on *State v. Wilton*, 133 Ohio App.3d 575, 729 N.E.2d 420 (6th Dist.1999), where we held that the imposition of local incarceration was required on an offender's first felony OVI conviction. The holding in *Wilton* was based on a previous version of the statute, the language of which warranted such a result. *Id.* at 577-578. The language requiring the imposition of local incarceration for a first time felony OVI conviction was eliminated through subsequent amendments to the statute. *State v. Lowe*, 7th Dist. Columbiana No. 08 CO 37, 2010-Ohio-2788, ¶ 39-51. Therefore, the authority appellant cites is inapplicable to this appeal. The current version of the statute does not preclude the imposition of a prison term for appellant's first felony conviction and the trial court's decision to impose a prison term is not contrary to law.

{¶ 12} Appellant's argument regarding the trial court's imposition of a prison term for a first time felony conviction is incorrect. Nevertheless, we find that appellant's sentence is contrary to law pursuant to R.C. 2953.08(G)(2)(b). When a trial court chooses to impose a prison term for an offender's conviction on a fourth-degree felony OVI, it must impose a mandatory prison term of 60 days. R.C. 4511.19(G)(1)(d). After imposing the mandatory prison term, the statute also permits the trial court to impose an additional prison term ranging from 6 to 30 months. R.C. 4511.19(G)(1)(d). The additional term is a separate, non-mandatory prison term to be served after the 60-day mandatory term. *State v. Cunningham*, 2017-Ohio-377, 83 N.E.3d 328, ¶ 36-37 (7th Dist.). The duration of the additional term is limited in that it "shall be reduced by the sixty * * * days imposed upon the offender as the mandatory prison term." R.C. 2929.14(B)(4). The aggregate length of the mandatory prison term and the additional, non-mandatory term "shall equal a definite prison term in the range of six months to thirty months for a fourth degree felony OVI offense[.]" R.C. 2929.14(B)(4).

{¶ 13} While the trial court was authorized to impose an aggregate 30-month prison term, only the first 60 days of that term were mandatory. *Cunningham* at ¶ 36-37. The trial court exceeded its authority by identifying the additional, non-mandatory prison term as a mandatory term. *See State v. Hoselton*, 6th Dist. Lucas No. L-09-1150, 2011-Ohio-1396, ¶ 9-12 (holding that the imposition of a mandatory prison term when the only term authorized by statute was non-mandatory was error); s*ee also State v. Smaltz*, 6th Dist. Ottawa No. OT-08-008, 2013-Ohio-5350, ¶ 10-11; *State v. Burkhead*, 12th Dist.

7.

Butler No. CA2014-02-028, 2015-Ohio-1085, ¶ 22-30; *State v. Warren*, 7th Dist. Mahoning No. 05 MA 91, 2006-Ohio-1281, ¶ 61. A trial court has "no inherent power to create sentences, and the only sentence that a trial judge may impose is that provided for by statute." *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 215, ¶ 18, citing *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10, 12. By imposing a mandatory prison term when no such term is authorized by statute, the trial court erred and appellant's sentence is contrary to law. Therefore, appellant's sole assignment of error is well-taken.

### III. Conclusion

{¶ 14} We find appellant's assignment of error well-taken. Pursuant to R.C. 2953.08(G)(2), we vacate appellant's sentence and remand this matter for resentencing in accordance with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                                               _____
JUDGE

Christine E. Mayle, J.

Gene A. Zmuda, P.J.                                               _____
CONCUR.                                                                 JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.