[Cite as *State v. Bursley*, 2021-Ohio-1613.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                      Court of Appeals No. H-19-014

    Appellee                                   Trial Court No. CRI 2018-0997

v.

Joseph B. Bursley                           **DECISION AND JUDGMENT**

    Appellant                                  Decided:  May 7, 2021

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney,
for appellee.

Brian A. Smith, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appeal by appellant, Joseph Bursley, from

the April 11, 2019 judgment of the Huron County Court of Common Pleas.  For the

reasons that follow, we reverse.

{¶ 2} Appellant sets forth four assignments of error:

I.  The trial court's sentence of Appellant was contrary to law due to the trial court imposing a mandatory prison sentence where Appellant's sentence was not mandatory by statute.

II.  Appellant's guilty plea was not knowingly, intelligently, and voluntarily made due to the trial court incorrectly advising Appellant that his sentence on Count One of the Indictment was mandatory, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

III.  Appellant's guilty plea was not knowingly, intelligently, and voluntarily made due to ineffective assistance of counsel, where Appellant's trial court failed to object to the trial court imposing a mandatory prison sentence upon Appellant, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

IV.  The trial court's sentence of Appellant was not supported by the record.

**Background**

{¶ 3} On December 14, 2018, appellant was indicted on two counts of engaging in a pattern of corrupt activity (first-degree felonies), and seven counts of aggravated trafficking in drugs (two counts were third-degree felonies and five counts were fourth-

degree felonies). It was alleged in the indictment that the offenses occurred in August and/or September of 2018. Appellant pled not guilty to the charges.

{¶ 4} On March 5, 2019, a change of plea hearing was held. Appellant pled guilty to one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) and (B)(1), a first-degree felony ("Count 1"), and one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(c), a third-degree felony ("Count 8"). The trial court accepted the plea and found appellant guilty.

{¶ 5} On April 11, 2019, a sentencing hearing was held and appellant was sentenced to a mandatory ten years in prison on Count 1 and thirty months in prison on Count 8, to be served concurrently with Count 1. The remaining counts of the indictment were dismissed. A judgment entry of sentencing was filed that same day. Appellant appealed.

**First Assignment of Error**

{¶ 6} Appellant argues his mandatory prison sentence for Count 1 is contrary to law as none of the criteria in R.C. 2929.13(F) was met, and no criteria for mandatory sentencing under the remaining portions of the Ohio Revised Code was met.

{¶ 7} The state concedes that the mandatory sentencing provision in appellant's sentencing entry must be corrected.

3.

## Law and Analysis

{¶ 8} The standard of appellate review of felony sentences is set forth in R.C. 2953.08. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11, this court defined that standard of review as whether there is clear and convincing evidence to support the trial court's findings and whether the sentence is otherwise contrary to law.

{¶ 9} A trial court has "no inherent power to create sentences, and the only sentence that a trial judge may impose is that provided for by statute." *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, ¶ 18, citing *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10, 12. A trial court errs if it imposes a mandatory prison term when a mandatory term is not authorized by statute, and that sentence is contrary to law. *State v. McClellan*, 6th Dist. Erie No. E-19-075, 2020-Ohio-5551, 163 N.E.3d 1202, ¶ 13.

{¶ 10} With respect to Count 1, at the time of the offense and of sentencing, R.C. 2929.14(A)(1)(b) provided a range of sentences for first-degree felony offenses of three, four, five, six, seven, eight, nine, ten, or eleven years. In addition, the relevant version of R.C. 2929.13(F) set forth mandatory prison sentences for certain offenses. Only two sections of R.C. 2929.13(F) could potentially apply, R.C. 2929.13(F)(6) and (10). Those sections provided that a mandatory prison sentence was required, inter alia, if "the offender previously was convicted of or pleaded guilty to aggravated murder, murder,

4.

any first or second degree felony," or "when the most serious offense in the pattern of corrupt activity that is the basis of the offense is a felony of the first degree."

{¶ 11} Upon review, appellant's ten year prison sentence for Count 1 is clearly within the range indicated for a first-degree felony. However, none of the provisions of R.C. 2929.13(F) apply to appellant to cause the ten year prison sentence to be a mandatory term. Since the trial court imposed a mandatory prison term for Count 1 when a mandatory term was not authorized by statute, we find the trial court erred and appellant's sentence is contrary to law. Accordingly, appellant's first assignment of error is well-taken.

## Second Assignment of Error

{¶ 12} Appellant contends his guilty plea was not knowingly, intelligently, and voluntarily made due to the trial court incorrectly advising him that his sentence on Count 1 was mandatory. Appellant maintains because he "was misinformed as to whether he would be subject to a mandatory sentence upon entering his guilty plea, there was no way he could have subjectively understood the implications of his guilty plea, including the potential sentence he could be facing as a result of his plea." Appellant asserts his convictions and sentence should be vacated and reversed.

## Law

{¶ 13} In order for a plea to be valid, it must be entered in a knowing, intelligent and voluntary manner. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

5.

{¶ 14} Pursuant to Crim.R. 11(C)(2)(a), a trial court shall not accept a guilty plea to a felony offense without addressing the defendant and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved."

{¶ 15} On appeal, when an appellant seeks to withdraw a plea or have a plea vacated because the plea was not entered in a knowing, intelligent and voluntary manner due to a trial court's failure to comply with Crim.R. 11, "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses [an appellant] from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the [appellant] met that burden?" *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 17.

{¶ 16} If a trial court failed to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), a reviewing court presumes the plea was entered involuntarily and unknowingly and no showing of prejudice is required in order for the plea to be vacated. *Dangler* at ¶ 14, citing to *Clark* at ¶ 31. However, if a trial court failed "to fully cover other 'nonconstitutional' aspects of the plea colloquy, [an appellant] must affirmatively show prejudice to invalidate a plea." *Dangler* at ¶ 14, citing to *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 17. The right to be informed of the maximum penalty involved is a nonconstitutional right. *Dangler* at ¶ 23; *Clark* at ¶ 31. In addition, if a trial court completely failed to comply with a portion of Crim.R. 11(C),

6.

an appellant does not have to show prejudice to have the plea vacated. *Dangler* at ¶ 15, citing to *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 17} "The test for prejudice is 'whether the plea would have otherwise been made.'" *Clark* at ¶ 32, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

### Analysis

{¶ 18} Upon review, appellant argues his guilty plea was not knowingly, voluntarily and intelligently made because the trial court did not advise him that the sentence he was facing on Count 1 was not mandatory. Pursuant to *Dangler*, we must determine: whether the trial court complied with the relevant provision of Crim.R. 11; if the trial court did not fully comply, whether appellant must show prejudice; if so, whether appellant showed prejudice.

{¶ 19} An examination of the record including the transcript from the plea hearing and the written plea of guilty executed by appellant, shows that prior to entering the plea, appellant was informed of the maximum possible penalty he was facing as to Count 1. The trial court advised appellant at the plea hearing that Count 1 "carries a mandatory prison sentence of between 3 and 11 years." The written and signed plea form recited the maximum stated prison term as "3, 4, 5, 6, 7, 8, 9, 10, or 11 years * * * Prison term mandatory or mandatorily consecutive. YES[.]" Both the trial court and the plea form correctly indicated the possible number of years in prison appellant was facing, but both incorrectly indicated the maximum possible penalty was mandatory.

7.

{¶ 20} Answering the *Dangler* questions, we find the trial court did not fully comply with the relevant provision of Crim.R. 11, since the trial court improperly informed appellant that the maximum possible penalty for Count 1 was mandatory. We further find since the right to be informed of the maximum penalty for an offense is a nonconstitutional right, appellant's guilty plea may only be vacated if he demonstrates he was prejudiced by the trial court's error. Appellant did not argue he was prejudiced by the trial court's overstatement of the maximum possible penalty, nor did he allege that he would not have pleaded guilty if the possible maximum penalty for Count 1 was not mandatory. Thus, we cannot vacate appellant's guilty plea. Accordingly, appellant's second assignment of error is not well-taken.

### Third Assignment of Error

{¶ 21} Appellant contends his guilty plea was not knowingly, intelligently, and voluntarily made due to his trial counsel's ineffective assistance in failing to object to the trial court's imposition of a mandatory sentence. Appellant asserts he did not understand that his sentence would be mandatory or the consequences of a mandatory sentence. Appellant submits he would not have entered his plea had his trial counsel objected to the imposition of a mandatory sentence, and "there is at least a reasonable probability [he] would not have entered his guilty plea" if counsel had objected or raised the issue of the imposition of a mandatory sentence prior to appellant entering his plea. Appellant claims he was severely prejudiced by his counsel's failure to object to the mandatory nature of the prison sentence, as he would have be eligible for judicial release, earned days of

8.

credit and risk reduction if his sentence was not mandatory. Appellant maintains his convictions and sentence should be vacated and reversed.

## Law

{¶ 22} To prevail on a claim of ineffective assistance of counsel, appellant must prove counsel's performance was deficient, as it fell below an objective standard of reasonable representation, and counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This same standard applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

## Analysis

{¶ 23} Upon review, the record shows appellant was facing nine felonies prior to agreeing to plead guilty to two felonies in exchange for the dismissal of seven felonies. Appellant's counsel negotiated a favorable plea agreement, sparing appellant from the exposure of a lengthy prison term had he gone to trial and been convicted of nine felonies. While appellant's trial counsel failed to raise the issue of a mandatory prison sentence prior to appellant entering his plea and failed to object to the trial court's imposition of a mandatory sentence, appellant has not established that counsel's overall performance in the plea process fell below an objective standard of reasonable representation.

{¶ 24} In addition, appellant has failed to sufficiently demonstrate that he was prejudiced by the alleged deficiencies, such that he would not have entered a plea and

would have insisted on going to trial. Accordingly, appellant's third assignment of error is not well-taken.

## Conclusion

{¶ 25} Based upon our disposition of appellant's first, second and third assignments of error, appellant's fourth assignment of error is moot.

{¶ 26} Pursuant to R.C. 2953.08(G)(2), we vacate appellant's sentence and remand this matter for resentencing in accordance with this decision. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.