**[Cite as *State v. Fields*, 2021-Ohio-3845.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-19 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-826 |
| | : | |
| MALCOLM FIELDS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of October, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

MARKUS L. MOLL, Atty. Reg. No. 0093795 & KRISTIE L. GOTWALD, Atty. Reg. No. 0097608, 2621 Dryden Road, Suite 306, Dayton, Ohio 45439
    Attorneys for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-Appellant Malcolm Fields was convicted of operating a vehicle while under the influence of alcohol or drugs (OVI), in violation of R.C. 4511.19(A)(2), a felony of the fourth degree. In this reopened appeal, Fields claims that the trial court erred in imposing a prison sentence longer than 30 months, erred in failing to identify the mandatory portion of his sentence, and failed to properly impose post-release control. The State concedes error.

{¶ 2} For the following reasons, the trial court's judgment will be reversed and the matter will be remanded for the trial court to reduce Fields's aggregate prison term to 30 months, to notify Fields of the mandatory portion of his sentence, and for the proper imposition of post-release control.

### I. Procedural History

{¶ 3} On December 16, 2019, Fields was indicted on two counts of OVI (three or more prior offenses), both felonies of the fourth degree. The matter proceeded to a jury trial, and after deliberations, the jury found him guilty of both offenses. On March 16, 2020, the trial court merged the two OVI counts and sentenced Fields to 120 days in prison plus an additional 30 months in prison for violating R.C. 4511.19(A)(2) (Count Two). Fields's aggregate sentence was 34 months in prison.

{¶ 4} Fields appealed his conviction, raising three assignments of error. He argued that his counsel rendered ineffective assistance by withdrawing his motion to suppress, that his conviction was based on insufficient evidence and against the manifest weight of the evidence, and that his sentence was not clearly and convincingly supported by the record. We overruled each assignment of error and affirmed. *State v. Fields*, 2d

Dist. Clark No. 2020-CA-19, 2020-Ohio-5538.

{¶ 5} Fields subsequently sought to reopen his direct appeal. In his amended application, he claimed that his appellate counsel was ineffective for failing to raise: (1) the trial court erred in failing to correctly advise Fields of the consequences if he failed to comply with post-release control, (2) Fields's sentence was contrary to law, because the trial court did not consider the principles and purposes of sentencing, (3) Fields's aggregate 34-month prison sentence was outside the statutory range and contrary to law, (4) the trial court violated Fields's right to due process when it denied a motion for a continuance, (5) the trial court violated Fields's right to due process when it precluded him from calling an expert witness at trial, (6) cumulative errors by trial counsel resulted in ineffective assistance, and (7) trial counsel rendered ineffective assistance when he failed to convey information regarding plea negotiations. We reopened Fields's appeal to allow him to challenge his aggregate sentence and the imposition of post-release control, but otherwise overruled his application for reopening. (Decision & Entry, Aug. 4, 2020.)

{¶ 6} Fields now raises two assignments of error.

## II. Post-Release Control

{¶ 7} In his first assignment of error, Fields claims that the trial court erred when it failed to properly notify him that he would be subject to a discretionary three-year term of post-release control and that any violation of post-release control would subject him to additional time up to one-half of his original term.

{¶ 8} At the outset, Fields asserts that his sentence is void due to the trial court's failure to properly impose post-release control. Fields is incorrect. In 2020, the Ohio

Supreme Court overruled *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 and other cases that had held that, when a judge fails to properly impose post-release control, that portion of the defendant's sentence is void. *See State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. *Harper* held that any error in the trial court's exercise of its subject matter jurisdiction in imposing post-release control renders the trial court's judgment voidable, not void. *Id*. at ¶ 5, ¶ 42.

{¶ 9} Fields was convicted of a felony of the fourth degree and was subject to a discretionary period of post-release control of up to three years after his release from prison. *See* R.C. 2967.28(C). If an offender violates the conditions of post-release control, the parole board may impose a more restrictive sanction, may increase the length of post-release control, or sentence him or her to a prison term of up to nine months per violation, with a maximum cumulative prison term of one-half the stated prison term originally imposed. R.C. 2967.28(F)(2), (3).

{¶ 10} When the trial court imposes a prison sentence, the trial court must notify the defendant at sentencing that he or she may be supervised under post-release control. R.C. 2929.19(B)(2)(e). The court must further advise the defendant that, if he or she violates a condition of post-release control, the parole board may "impose a prison term, as part of the sentence, of up to one-half of the definite prison term originally imposed upon the offender as the offender's stated prison term * * *." R.C. 2929.19(B)(2)(f). However, a trial court's failure to comply with this requirement "does not negate, limit, or otherwise affect the authority of the parole board to so impose a prison term for a violation of that nature if, pursuant to division (D)(1) of section 2967.28 of the Revised Code, the parole board notifies the offender prior to the offender's release of the board's authority

to so impose a prison term." *Id.*

{¶ 11} At sentencing, the trial court told Fields that he could be placed on post-release control for up to three years. Although it advised him of the potential consequences if he were convicted of a new felony while on post-release control, it did not advise him, as required by R.C. 2929.19(B)(2)(f), that the parole board could sentence him to a prison term of up to one-half the stated prison term for violations of post-release control. (The trial court's subsequent judgment entry, however, included the potential consequences if Fields were to violate post-release control.) The State concedes that the trial court's oral advisement regarding the consequences of violating post-release control was inadequate, and we agree.

{¶ 12} Fields's first assignment of error is sustained.

### III. OVI Prison Sentence

{¶ 13} In his second assignment of error, Fields claims that the trial court erred when it sentenced him "to a sentence contradictory to law as it was outside the statutory guidelines." Specifically, he argues that his total sentence must fall within the sentencing range for a fourth-degree OVI felony, which he contends has a maximum of 30 months in prison. Fields further argues that his sentence was "unconstitutional," because the trial court failed to articulate which portion of his sentence was mandatory.

{¶ 14} OVI offenses have specific sentencing provisions. R.C. 4511.19(G)(1) states that "[w]hoever violates any provision of divisions (A)(1)(a) to (i) or (A)(2) of this section is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them. * * * The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by

divisions (G)(1)(a) to (e) of this section[.]"

{¶ 15} R.C. 4511.19(G)(1)(d) applies to persons who, like Fields, previously have been convicted of or pleaded guilty to three or four violations of R.C. 4511.19(A) or (B) within ten years. (This case represented Fields's fifth OVI conviction since 2010.) Fields's two OVI offenses merged, and he was sentenced on Count Two, which alleged a violation of R.C. 4511.19(A)(2). Thus, the specific provisions of R.C. 4511.19(G)(1)(d)(ii) applied to his case.

{¶ 16} Because Fields was not convicted of the specification in R.C. 2941.1413, the trial court had the discretion to sentence him to either a mandatory term of 120 days in jail or a mandatory term of 120 days in prison. R.C. 4511.19(G)(1)(d)(ii). The applicable OVI sentencing statute further provides:

> If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code.

R.C. 4511.19(G)(1)(d)(ii).

{¶ 17} R.C. 2929.13(G)(2) and R.C. 2929.14(B)(4) also describe the penalties for a fourth-degree felony OVI offense. R.C. 2929.13(G)(2) permits the trial court to impose a mandatory term of 120 days in prison. R.C. 2929.14(B)(4) authorizes an additional prison term of not less than six months and not more than 30 months. Significantly, R.C. 2929.14(B)(4) further provides that the additional prison term

> * * * shall be reduced by the sixty or one hundred twenty days imposed upon

the offender as the mandatory prison term. *The total of the additional prison term imposed under division (B)(4) of this section plus the sixty or one hundred twenty days imposed as the mandatory prison term shall equal a definite term in the range of six months to thirty months for a fourth degree felony OVI offense* * * *. If the court imposes an additional prison term under division (B)(4) of this section, the offender shall serve the additional prison term after the offender has served the mandatory prison term required for the offense. * * *

(Emphasis added.)

{¶ 18} Stated simply, R.C. 4511.19(G)(1)(d)(ii) permitted the trial court to impose both a mandatory term of 120 days in prison and an additional 30-month prison term in Fields's case. Under R.C. 2929.14(B)(4), however, the aggregate of the mandatory and additional terms could not exceed 30 months. Several appellate districts also have noted that the maximum aggregate sentence for a fourth-degree felony OVI offense is 30 months. *E.g., State v. McClellan*, 2020-Ohio-5551, 163 N.E.3d 1202, ¶ 12 (6th Dist.) ("The aggregate length of the mandatory prison term and the additional, non-mandatory term 'shall equal a definite prison term in the range of six months to thirty months for a fourth degree felony OVI offense[.]' R.C. 2929.14(B)(4)."); *State v. Gourley*, 12th Dist. Butler No. CA2006-01-003, 2007-Ohio-1221, ¶ 14 ("[T]he trial court erred in informing appellant that the maximum possible sentence was 32 months, as the maximum possible sentence for a fourth degree felony OVI offense is 30 months."). *See also State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 3 ("The trial court sentenced him to statutory-maximum terms of eight years for felonious assault and 30 months for [fourth-

degree felony] OVI.").

{¶ 19} The State concedes that R.C. 2929.14(B)(4) requires the additional prison term of 30 months to be reduced by the 120 days imposed on Fields as a mandatory prison term. The State further agrees with Fields that the trial court was required to specify which portion of his sentence was mandatory. Because we also agree with both Fields and the State, Fields's second assignment of error is sustained.

## IV. Conclusion

{¶ 20} For the foregoing reasons, the trial court's judgment will be reversed, and the matter will be remanded for the trial court to reduce Fields's aggregate prison term to 30 months, to notify Fields of the mandatory portion of his sentence, and for the proper imposition of post-release control.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
Markus L. Moll
Kristie L. Gotwald
Malcolm Fields
Hon. Douglas M. Rastatter