**[Cite as *State v. Grout*, 2023-Ohio-1074.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-23 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-0600 |
| | : | |
| ROGER GROUT | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 31, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

CARL BRYAN, Attorney for Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Roger Grout, appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to one count of operating a vehicle under the influence of alcohol or drugs ("OVI"). In support of his appeal, Grout contends that his sentence of 30 months in prison was contrary to law because the trial court failed to follow specific sentencing requirements for OVI offenses in R.C. 2929.13(G).

Specifically, Grout contends that the trial court erred by failing to impose a required 60-day mandatory prison term and by failing to reduce his 30-month prison sentence by the mandatory term. Grout also claims the trial court erred at sentencing by failing to specify the total number of days of jail-time credit that he would receive against his prison sentence. The State concedes error in both regards. For the reasons outlined below, we agree that the trial court committed the aforementioned sentencing errors. Therefore, the trial court's judgment will be affirmed in part and reversed in part, and the matter will be remanded to the trial court for resentencing in accordance with this opinion.

**Facts and Course of Proceedings**

{¶ 2} On March 2, 2021, Grout caused an accident while driving his vehicle on Interstate 70 in Clark County, Ohio. During the accident, Grout's vehicle flipped over multiple times, and Grout was ejected from the vehicle. At the scene of the accident, a responding state trooper detected a strong odor of alcohol emanating from Grout's person. Grout's blood alcohol content was thereafter tested and determined to be over the legal limit. At the time of the accident, Grout had three prior OVI convictions within the previous ten years and was on community control sanctions for a prior conviction of aggravated possession of drugs in Clark C.P. No. 2021-CR-142.

{¶ 3} After the accident, Grout was indicted for two fourth-degree-felony counts of OVI—one count in violation of R.C. 4511.19(A)(1)(a) and the other in violation of R.C. 4511.19(A)(1)(f). As part of a plea agreement, Grout pled guilty to OVI in violation of R.C. 4511.19(A)(1)(a), and the State dismissed the second count. At Grout's plea

hearing, the trial court accepted Grout's guilty plea and found him guilty of OVI in violation of R.C. 4511.19(A)(1)(a). The trial court then ordered a presentence investigation report and scheduled the matter for a sentencing hearing to take place on March 23, 2022.

{¶ 4} At the sentencing hearing, the trial court sentenced Grout to 30 months in prison for the OVI. The trial court also imposed a $1,350 fine, suspended Grout's driver's license for ten years, and ordered Grout to complete a drug and alcohol program. For the community control violation in Case No. 2021-CR-142, the trial court imposed a six-month prison term to be served consecutively to the 30-month prison term for the OVI. The trial court did not discuss the amount of jail-time credit that Grout would receive against his prison sentence at the sentencing hearing. The trial court did, however, issue a sentencing entry indicating that Grout would receive jail-time credit "from September 29, 2021 until conveyance to [the Ohio Department of Rehabilitation and Correction]."

{¶ 5} Grout now appeals, raising two assignments of error for review.

**First Assignment of Error**

{¶ 6} Under his first assignment of error, Grout contends that the 30-month prison sentence imposed by the trial court was contrary to law because the trial court failed to follow specific sentencing requirements for OVI offenses in R.C. 2929.13(G). Specifically, Grout contends that the trial court erred by failing to impose a required 60-day mandatory prison term and by failing to reduce his 30-month prison sentence by the mandatory term. The State concedes error, and we agree that the trial court erred by failing to follow the requirements of R.C. 2929.13(G).

**{¶ 7}** As a preliminary matter, we note that when reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 7. Under that statute, an appellate court may increase, reduce, or otherwise modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2). Sentences that do not comport with mandatory provisions are contrary to law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 20-21.

**{¶ 8}** R.C. 2929.13(G) governs sentencing for fourth-degree-felony OVI offenses and it provides, in relevant part:

> [I]f an offender is being sentenced for a fourth degree felony OVI offense * * *, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:

> (1) If the offender is being sentenced for a fourth degree felony OVI offense and if the offender has not been convicted of and has not pleaded guilty to a specification of the type described in section 2941.1413 of the Revised Code, the court may impose upon the offender a mandatory term of local incarceration of sixty days * * * as specified in division (G)(1)(d) of section 4511.19 of the Revised Code.

(2) * * * [I]f the offender is being sentenced for a fourth degree felony OVI offense and the court does not impose a mandatory term of local incarceration under division (G)(1) of this section, the court * * * shall impose upon the offender a mandatory prison term of sixty days * * * as specified in division (G)(1)(d) * * * of section 4511.19 of the Revised Code if the offender has not been convicted of and has not pleaded guilty to a specification [under section 2941.1413].

R.C. 2929.13(G)(1)-(2).

{¶ 9} In this case, Grout was convicted of a fourth-degree-felony OVI without a specification under R.C. 2941.1413. Therefore, pursuant to R.C. 2929.13(G), the trial court was required to sentence Grout to either a 60-day mandatory term of local incarceration or a 60-day mandatory prison term. Depending on which type of mandatory term was chosen, the trial court also had the option to impose an additional jail term or an additional definite prison term pursuant to R.C. 4511.19(G)(1)(d)(i), which provides, in relevant part:

If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section 2929.13 of the Revised Code, no prison term is authorized for the offense. If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the

offender to a definite prison term that shall be not less than six months and not more than thirty months[.]

R.C. 4511.19(G)(1)(d)(i). *See also* R.C. 2929.14(B)(4) ("[i]n addition to the mandatory prison term, if the offender is being sentenced for a fourth degree felony OVI offense, the court, notwithstanding division [R.C. 2929.14(A)(4)], may sentence the offender to a definite prison term of not less than six months and not more than thirty months").

{¶ 10} If the trial court imposes an additional prison term, it must "be reduced by the sixty * * * days imposed upon the offender as the mandatory prison term." R.C. 2929.14(B)(4). "The additional term is a separate, non-mandatory prison term to be served after the 60-day mandatory term." *State v. McClellan*, 2020-Ohio-5551, 163 N.E.3d 1202, ¶ 12 (6th Dist.), citing *State v. Cunningham*, 2017-Ohio-377, 83 N.E.3d 328, ¶ 36-37 (7th Dist.). Therefore, "[t]he total of the additional prison term imposed * * * plus the sixty * * * days imposed as the mandatory prison term shall equal a definite term in the range of six months to thirty months for a fourth degree felony OVI offense[.]" R.C. 2929.14(B)(4); *McClellan* at ¶ 12.

{¶ 11} In this case, the trial court did not impose either a 60-day mandatory term of local incarceration or a 60-day mandatory prison term as required by R.C. 2929.13(G). Instead, the trial court sentenced Grout to 30 months in prison without specifying that 60 days of the 30-month prison term was mandatory. A trial court errs at sentencing if it fails to specify the mandatory portion of a fourth-degree-felony OVI prison sentence. *State v. Fields*, 2d Dist. Clark No. 2020-CA-19, 2021-Ohio-3845, ¶ 13-19. Because the trial court failed to impose the mandatory 60-day term as required by R.C. 2929.13(G),

Grout's 30-month prison sentence is contrary to law.

{¶ 12} Grout's first assignment of error is sustained.

**Second Assignment of Error**

{¶ 13} Under his second assignment of error, Grout contends that the trial court erred by failing to properly impose jail-time credit at sentencing. Specifically, Grout contends that the trial court erred by failing to reduce his jail-time credit to a specific number of days. The State concedes error in this regard and we agree that the trial court did not properly impose jail-time credit.

{¶ 14} R.C. 2949.08(B) provides that: "The record of the person's conviction shall specify *the total number of days*, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper[.]" (Emphasis added.) Section (C)(1) of the statue further provides that the jailer must reduce the sentence "by *the total number of days* the person was confined for any reason arising out of the offense for which the person was convicted and sentenced[.]" (Emphasis added.) R.C. 2949.08(C)(1).

{¶ 15} R.C. 2929.19(B)(2)(g)(i) also provides that when imposing a prison term at sentencing, the trial court must: "Determine, notify the offender of, and include in the sentencing entry *the total number of days, including the sentencing date but excluding conveyance time*, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender

as the offender's stated prison term[.]"

{¶ 16} In *State v. Davis*, 2d Dist. Montgomery No. 27495, 2018-Ohio-4137, this court discussed the foregoing obligations and further explained that:

"Pursuant to Ohio Adm.Code 5120-2-04(B), the sentencing court is to determine the amount of time the offender served *before being sentenced* and forward that information to the Department of Rehabilitation and Correction * * * if the offender is committed to a state correctional institution." (Emphasis sic.) *State v. Breneman*, 2d Dist. Champaign No. 2011CA19, 2012-Ohio-2411, ¶ 14. "Although it is the [Department of Rehabilitation and Correction] who credits the jail time served, it is the sentencing court that makes the factual determination as to the amount of time served by the prisoner *before being sentenced*[.]" (Emphasis added.) *State v. Jenkins*, 10th Dist. Franklin No. 09AP-1029, 2010-Ohio-2853, ¶ 13, citing *State ex rel. Corder v. Wilson*, 68 Ohio App.3d 567, 589 N.E.2d 113 (10th Dist.1991).

It is clear from the language in Ohio Adm.Code 5120-2-04 that the trial court's obligation in calculating jail-time credit is limited to calculating the number of days the defendant was confined prior to sentencing. From there, it is the obligation of the Department of Rehabilitation and Correction to credit the defendant with the number of days the defendant was confined between the date of his sentencing and the date of the defendant's transportation to prison, as is reflected in the sheriff's record.

* * *

Because the trial court must specify a defendant's total number of days of jail-time credit, the trial court's factual determination as to jail-time credit is necessarily limited to the amount of time that the defendant was in confinement prior to sentencing. At the time of sentencing, the trial court has no way of knowing how long it will take a defendant to be transported to prison after the defendant has been sentenced; therefore, any days the defendant spends in confinement while awaiting transportation to prison cannot properly be included in the trial court's jail-time credit calculation.

*Id.* at ¶ 11-12, and 14.

{¶ 17} Based on the foregoing authority, the trial court was required to determine Grout's jail-time credit by calculating the total number of days that Grout had been confined in jail for his OVI offense as of the date of his sentencing. Therefore, the trial court's award of jail-time credit should have reflected the number of days between Grout's arrest on September 29, 2021, and his sentencing on March 23, 2022. The trial court was also required to notify Grout at the sentencing hearing of the number of days of jail-time credit that he was to receive and then to memorialize that information in the corresponding judgment entry. *See* R.C. 2949.08(B) and (C); R.C. 2967.191(A); R.C. 2929.19(B)(2)(g)(i); Ohio Adm.Code 5120-2-04(B); *State v. Springs*, 2d Dist. Clark No. 2022-CA-18, 2022-Ohio-4414 ¶ 5-7; *State v. Windsor*, 2d Dist. Clark No. 2021-CA-25, 2022-Ohio-1785, ¶ 4-7.

{¶ 18} In this case, the trial court did not meet any of the foregoing requirements.

Specifically, the trial court did not discuss the amount of jail-time credit that Grout was to receive at his sentencing hearing. In addition, the trial court's judgment entry simply indicated that Grout was to receive jail-time credit "from September 29, 2021 until conveyance to [the Ohio Department of Rehabilitation and Correction]." In *State v. Wade*, 2d Dist. Clark No. 2015-CA-45, 2015-Ohio-5171, we held that awarding jail-time credit in such a manner was erroneous because R.C. 2949.08(B) specifies that the record of the person's conviction " 'shall specify the ***total number of days***, if any, that the person was confined' for the offense prior to his conviction and 'prior to delivery to the jailer, administrator, or keeper.' " (Emphasis sic.) *Id.* at ¶ 14, quoting R.C. 2949.08(B). Furthermore, "any days the defendant spends in confinement while awaiting transportation to prison cannot properly be included in the trial court's jail-time credit calculation." *Davis* at ¶ 14.

{¶ 19} That said, "an inaccurate determination of jail-time credit at sentencing is not grounds for setting aside the conviction or sentence and does not otherwise render the sentence void or voidable." *Id.* at ¶ 16, citing R.C. 2929.19(B)(2)(g)(iv), *State v. Norris*, 7th Dist. Monroe No. 14-MO-7, 2014-Ohio-5833, ¶ 21, *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 21, and *Thompson v. Saffold*, 8th Dist. Cuyahoga No. 100774, 2014-Ohio-838, ¶ 4 ("a trial court's failure to properly calculate jail-time credit as required by law does not affect the finality of a sentencing order in a criminal case"). However, in *Wade* we held that "the trial court's failure to reduce the amount of jail-time credit to a number of days, as required by R.C. 2949.08(B), coupled with the absence of any opportunity for [the defendant] to be heard on the issue of jail-

time credit, warrant[s] remanding th[e] matter for the court to properly address the issue." *Wade* at ¶ 15.

**{¶ 20}** The trial court's award of jail-time credit to Grout from "from September 29, 2021 until conveyance to [the Ohio Department of Rehabilitation and Correction]" was only specified in the judgment entry that was filed after Grout's sentencing hearing. Therefore, like *Wade*, we find that Grout was not given the opportunity to be heard on the issue of jail-time credit. For this reason, we find that the trial court's failure to properly impose jail-time credit warrants reversing in part and remanding the matter for the trial court to properly address the issue.

**{¶ 21}** Grout's second assignment of error is sustained.

## Conclusion

**{¶ 22}** Having sustained both of Grout's assignments of error, the trial court's judgment is affirmed in part, reversed in part, and remanded to the trial court for resentencing. During the resentencing, the trial court shall impose the required mandatory prison term in accordance with R.C. 2929.13(G) and specify the total number of days of jail-time credit that are to be awarded to Grout.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.