[Cite as *State v. Gilbert*, 2024-Ohio-6045.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-9 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 188 |
| | : | |
| CHRISTOPHER WAYNE GILBERT | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 27, 2024

. . . . . . . . . . .

GARY C. SCHAENGOLD, Attorney for Appellant

SAMANTHA B. WHETHERHOLT, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Appellant Christopher Wayne Gilbert appeals from his conviction in the Champaign County Court of Common Pleas after he pled guilty to one fourth-degree-felony count of operating a vehicle under the influence of alcohol ("OVI"). Specifically,

Gilbert contends that his prison sentence, which is a 60-day mandatory prison term plus an additional 24-month prison term, is contrary to law because the trial court failed to reduce the 24-month prison term by the mandatory 60-day prison term as required by R.C. 2929.14(B)(4). Gilbert also contends that the information in the record supported the imposition of community control sanctions as opposed to an additional 24-month prison term. For the reasons outlined below, Gilbert's prison sentence will be vacated. The matter will be remanded to the trial court for the sole purpose of resentencing Gilbert to a prison term that complies with R.C. 2929.14(B)(4). In all other respects, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On November 6, 2023, a Champaign County grand jury returned an indictment charging Gilbert with two fourth-degree-felony counts of OVI—one in violation of R.C. 4511.19(A)(1)(i) and the other in violation of R.C. 4511.19(A)(1)(a). Both counts included a prior conviction specification under R.C. 4511.19(G)(1)(d), which indicated that Gilbert had had three prior OVI convictions within the past ten years. On December 4, 2023, Gilbert was also indicted for OVI in violation of R.C. 4511.19(A)(1)(j)(viii). Like the other two OVI counts, this third count was a fourth-degree felony that included a prior conviction specification under R.C. 4511.19(G)(1)(d).

{¶ 3} As part of a plea agreement, Gilbert pled guilty to one fourth-degree-felony count of OVI in violation of R.C. 4511.19(A)(1)(a). In exchange for his guilty plea, the State dismissed the other two OVI counts and agreed to have a presentence investigation

report prepared for sentencing. At the plea hearing, the trial court accepted Gilbert's guilty plea, ordered a presentence investigation report, and scheduled the matter for a sentencing hearing.

{¶ 4} At Gilbert's sentencing hearing, the trial court imposed a 60-day mandatory prison term *plus* an additional, definite term of 24 months in prison. The trial court also imposed a mandatory 12-year suspension on Gilbert's driver's license and ordered Gilbert to pay a mandatory fine of $2,500 plus court costs. Gilbert now appeals, raising two assignments of error for review.

**First Assignment of Error**

{¶ 5} Under his first assignment of error, Gilbert claims that his prison sentence is contrary to law because the trial court failed to reduce his additional 24-month definite prison term by his 60-day mandatory prison term as required by R.C. 2929.14(B)(4). Although Gilbert did not specifically cite R.C. 2929.14(B)(4) in his appellate brief, given the language of that statute, which we will address later in this opinion, we presume that R.C. 2929.14(B)(4) is the statute that Gilbert is relying on to support his claim. Upon review, we agree that Gilbert's prison sentence is contrary to law in that it does not comply with R.C. 2929.14(B)(4).

*Standard of Review*

{¶ 6} When reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 7.

Under that statute, an appellate court may increase, reduce, or otherwise modify a sentence, or it may vacate the sentence and remand for resentencing, only if it clearly and convincingly finds either: (1) the record does not support the sentencing court's findings under certain statutes; or (2) the sentence is otherwise contrary to law. *Id.* at ¶ 9, citing R.C. 2953.08(G)(2). " '[O]therwise contrary to law' means ' "in violation of statute or legal regulations at a given time." ' " *State v. Bryant*, 2022-Ohio-1878, ¶ 22, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 34, quoting *Black's Law Dictionary* (6th Ed. 1990). "Sentences that do not comport with mandatory provisions are contrary to law." *State v. Grout*, 2023-Ohio-1074, ¶ 7 (2d Dist.), citing *State v. Underwood*, 2010-Ohio-1, ¶ 20-21.

*Relevant Sentencing Requirements for Fourth-Degree-Felony OVI Offenses*

{¶ 7} R.C. 2929.13(G) governs sentencing for third- and fourth-degree-felony OVI offenses, and it requires the trial court to impose either a mandatory term of local incarceration or a mandatory term of imprisonment. With regard to fourth-degree-felony OVI offenses, R.C. 2929.13(G)(1) states that: "If the offender is being sentenced for a fourth degree felony OVI offense and if the offender has not been convicted of and has not pleaded guilty to a specification of the type described in section 2941.1413 of the Revised Code, the court may impose upon the offender a mandatory term of local incarceration of sixty days or one hundred twenty days as specified in division (G)(1)(d) of section 4511.19 of the Revised Code." R.C. 2929.13(G)(1). If the court decides not to impose a mandatory term of local incarceration for a fourth-degree-felony OVI, and if

the offender was not convicted of or did not plead guilty to a specification under R.C. 2941.1413, the court is then required to "impose upon the offender a mandatory prison term of sixty days or one hundred twenty days as specified in division (G)(1)(d) or (e) of section 4511.19 of the Revised Code[.]" R.C. 2929.13(G)(2).

{¶ 8} Division (G)(1) of R.C. 4511.19 provides that an offender convicted of OVI in violation of R.C. 4511.19(A)(1)(a) shall be sentenced "under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section[.]" As relevant to this case, section (G)(1)(d) of the statute sets forth sentencing requirements for when an OVI offender has been convicted of three or four OVI violations within the past 10 years. One of the requirements provides that if an offender has not been convicted of or did not plead guilty to a specification under R.C. 2941.1413, the court must impose "either a mandatory term of local incarceration of sixty consecutive days in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of that section." R.C. 4511.19(G)(1)(d)(i). Depending on which type of 60-day mandatory term the trial court chooses, R.C. 4511.19(G)(1)(d)(i) also gives the trial court the option to impose an additional jail term or an additional definite prison term. Specifically, R.C. 4511.19(G)(1)(d)(i) states that:

> If the court imposes a mandatory term of local incarceration, it may impose a jail term in addition to the sixty-day mandatory term, the cumulative total of the mandatory term and the jail term for the offense shall not exceed one year, and, except as provided in division (A)(1) of section

2929.13 of the Revised Code, no prison term is authorized for the offense.

If the court imposes a mandatory prison term, notwithstanding division (A)(4) of section 2929.14 of the Revised Code, it also may sentence the offender to a definite prison term that shall be not less than six months and not more than thirty months and the prison terms shall be imposed as described in division (G)(2) of section 2929.13 of the Revised Code.

R.C. 4511.19(G)(1)(d)(i).

{¶ 9} R.C. 2929.14(B)(4) similarly provides that: "In addition to the mandatory prison term, if the offender is being sentenced for a fourth degree felony OVI offense, the court, notwithstanding division (A)(4) of this section, may sentence the offender to a definite prison term of not less than six months and not more than thirty months[.]" Immediately thereafter, R.C. 2929.14(B)(4) states that: *"the additional prison term imposed shall be reduced by the sixty . . . days imposed upon the offender as the mandatory prison term."* The statute also states that: "The total of the additional prison term imposed under division (B)(4) of this section plus the sixty . . . days imposed as the mandatory prison term shall equal a definite term in the range of six months to thirty months for a fourth degree felony OVI offense[.]" (Emphasis added.) R.C. 2929.14(B)(4). Therefore, the aggregate of the mandatory and additional terms cannot exceed 30 months. *State v. Fields*, 2021-Ohio-3845, ¶ 18 (2d Dist.). However, the "reduced by" language in R.C. 2929.14(B)(4) indicates that 60 days of the additional, definite prison term are reserved to fulfill the 60-day mandatory prison term.

*Analysis*

**{¶ 10}** All of the aforementioned statutory provisions applied to Gilbert because he was convicted of a fourth-degree-felony OVI offense in violation of R.C. 4511.19(A)(1)(a) that included a specification indicating that he had three prior OVI convictions within the past ten years. Gilbert was also not convicted of a specification under R.C. 2941.1413. Under those circumstances, and pursuant to R.C. 2929.13(G)(2) and R.C. 4511.19(G)(1)(d)(i), the trial court chose to impose a 60-day mandatory term of imprisonment. As a result of that choice, the trial court also had the option to impose an additional, definite prison term within the allowable range of 6 to 30 months. *See* R.C. 4511.19(G)(1)(d)(i).

**{¶ 11}** As previously discussed, the trial court in this case chose to impose an additional 24-month definite prison term along with the 60-day mandatory prison term. The trial court stated at the sentencing hearing and in its judgment entry that it was sentencing Gilbert to "60 days mandatory imprisonment. Plus a definite term of 24 months to The Ohio Department of Rehabilitation and Correction." Sentencing Hearing Tr. (Mar. 11, 2024), p. 20; Judgment Entry (Mar. 11, 2024), p. 5. At no time did the trial court make any statement indicating that the additional 24-month definite prison term was to be reduced by the 60-day mandatory prison term as required by R.C. 2929.14(B)(4). Rather, the language used by the trial court suggests that the mandatory and definite prison terms were to be served consecutively to one another, i.e., 60 days *plus* an additional 24 months. *See State v. Morrison*, 2017-Ohio-1240, ¶ 27 (5th Dist.) (finding that the word "plus" conveyed that the sentences would run consecutively). Gilbert

therefore argues that his prison sentence is contrary to law because the trial court failed to reduce his additional 24-month prison term by his 60-day mandatory prison term.

{¶ 12} In *State v. Latapie*, 2023-Ohio-1505 (4th Dist.), the Fourth District Court of Appeals addressed the exact same argument raised by Gilbert. *Id.* at ¶ 23-25. Like the present case, the trial court in *Latapie* sentenced the appellant to a 60-day mandatory prison term plus an additional 24-month definite prison term for the appellant's fourth-degree-felony OVI. The trial court in *Latapie* did not reduce the appellant's additional 24-month definite prison term by the 60-day mandatory prison term. The State conceded error in that regard, and the Fourth District Court of Appeals found that the appellant's sentence was "clearly and convincingly contrary to law to the extent that the trial court did not reduce Latapie's 24-month prison term by 60 days." *Id.* at ¶ 25.

{¶ 13} In *State v. Kincade*, 2010-Ohio-1497 (3d Dist.), the Third District Court of Appeals reached a similar conclusion as in *Latapie*, but in reference to a third-degree-felony OVI. The trial court in *Kincade* had sentenced the appellant to a mandatory 60-day prison term plus an additional four-year prison term. The appellate court in *Kincade* found that under former R.C. 2929.14(D)(4)—a provision that is identical to the current version of R.C. 2929.14(B)(4)—the trial court erred by imposing the 60-day mandatory prison term consecutively to the additional 4-year definite prison term. *Id.* at ¶ 12.

{¶ 14} The appellate court in *Kincade* explained that, although "the language under R.C. 4511.19(G)(1)(e) does not clearly address the issue of whether the mandatory prison term is to run consecutively or concurrently to any additional prison terms imposed, . . . R.C. 2929.14(D)(4) is explicit and very clear as far as the treatment of the mandatory sixty

(60) day prison term with respect to any additional prison term imposed for a third degree felony OVI conviction." *Id.* at ¶ 15. The court found that "R.C. 2929.14(D)(4) specifically states that 'the additional prison term imposed shall be reduced by the sixty . . . days imposed upon the offender as the mandatory prison term,' and that '[t]he total of the additional prison term imposed under division (D)(4) of this section plus the sixty [days] . . . shall equal one of the authorized prison terms specified in division (A)(3) of this section for a third degree felony OVI offense.' " (Emphasis deleted.) *Id.*, quoting former R.C. 2929.14(D)(4). Therefore, the appellate court in *Kincade* concluded: "Because R.C. 2929.14(D)(4) clearly addresses the issue regarding the imposition of both a mandatory prison term and an additional prison term for a third degree felony OVI conviction, and R.C. 4511.19(G)(1)(e) does not address the issue, or at a minimum is confusing and misleading, . . . the trial court erred in imposing the sixty (60) day mandatory prison term [to] run consecutively to the four (4) year basic prison term." (Citation omitted.) *Id.*

{¶ 15} In contrast to *Latapie* and *Kincade*, in *State v. Wilson*, 2023-Ohio-830 (5th Dist.), the Fifth District Court of appeals approved a sentence that was similar to Gilbert's. The appellant in *Wilson* pled guilty to two fourth-degree-felony OVI offenses, and the trial court sentenced the appellant to a 60-day mandatory term of imprisonment plus an additional, definite term of 20 months in prison for each of the offenses. *Id.* at ¶ 40. On appeal, the Fifth District Court of Appeals held that: "[T]he total of the additional twenty-month prison term plus the sixty days the trial court imposed as the mandatory prison term for each count equals a definite term of twenty-two months per count, which is within

the six to thirty month range set forth in R.C. 2929.14(B)(4). Thus, the trial court's sentence is within the parameters of R.C. 2929.14(B)(4)." *Id.* at ¶ 47. The holding in *Wilson* suggests that the 60-day mandatory term and the additional 20-month definite prison term were to be served consecutively to one another. However, we find it significant that the appellate court in *Wilson* did not discuss R.C. 2929.14(B)(4) or its requirement that the additional, definite prison term be reduced by the 60-day mandatory prison term.

{¶ 16} Although the language of 4511.19(G)(1)(d)(i) does not clearly address the issue of whether the mandatory prison term is to run consecutively or concurrently to any additional prison terms imposed, we agree that R.C. 2929.14(B)(4) clearly states that "the additional prison term imposed shall be reduced by the sixty . . . days imposed upon the offender as the mandatory prison term." R.C. 2929.14(B)(4). Moreover, this court has generally recognized that R.C. 2929.14(B)(4) requires the additional, definite prison term to be reduced by the mandatory prison term. *See Fields,* 2021-Ohio-3845, at ¶ 19 (2d Dist.), and *Grout*, 2023-Ohio-1074, at ¶ 10, (2d Dist.). Therefore, we agree with the holdings in *Latapie* and *Kincade* and will follow their lead.

{¶ 17} Like the prison sentences in *Latapie* and *Kincade*, the prison sentence in this case is clearly and convincingly contrary to law to the extent that Gilbert's additional 24-month definite prison term was not reduced by his 60-day mandatory prison term. The judgment entry and the trial court's statements at the sentencing hearing incorrectly indicate that Gilbert must serve a total, aggregate term of 26 months in prison, i.e., 60-days of mandatory imprisonment *plus* an additional 24-month prison term. Although a

26-month prison term is within the authorized range of 6 to 30 months, the consecutive nature of the sentence violates the portion of R.C. 2929.14(B)(4) requiring the additional, definite prison term to be reduced by the mandatory 60-day prison term. To comply with R.C. 2929.14(B)(4), the trial court should have indicated that the additional 24-month definite prison term was reduced by the 60-day mandatory term so as to make the total, aggregate term 24 months in prison with 60 of those days being mandatory. *See Grout* at ¶ 11 (noting that "60 days of the 30-month prison term was mandatory").

{¶ 18} Because Gilbert's prison sentence is clearly and convincingly contrary to law, his first assignment of error is sustained.

## Second Assignment of Error

{¶ 19} Under his second assignment of error, Gilbert contends that the trial court erred by imposing an additional, definite prison term to be served after the completion of his 60-day mandatory prison term. According to Gilbert, the information in the record supported the imposition of community control sanctions instead. Because we have already determined that Gilbert's prison sentence is contrary to law given that it does not comply with R.C. 2929.14(B)(4), Gilbert's second assignment of error is overruled as moot.

## Conclusion

{¶ 20} Having sustained Gilbert's first assignment of error, the portion of Gilbert's

sentence requiring him to serve a 60-day mandatory prison term plus an additional 24-month definite prison term is vacated. The matter is remanded to the trial court for the sole purpose of resentencing Gilbert to a prison sentence that complies with R.C. 2929.14(B)(4). The judgment of the trial court is affirmed in all other respects.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.